WEAVER, J.
(concurring). I concur in the majority’s conclusion that plaintiff may proceed with its contribution action against defendants. As both the majority and the dissent note, tort reform has rendered many contribution actions unnecessary.[1] Nonetheless, the contribution statute, MCL 600.2925a, has not been repealed by the Legislature and remains in effect. Therefore, we must apply it to the present case.
Further, I agree with the majority’s analysis of “common liability,” as that which “exists in situations in which multiple tortfeasors are liable for the same injury to a person or property or for the same wrongful death.” Ante at 56. Multiple tortfeasors are “ ‘responsible for an accident which produce [d] a single indivisible injury.’ ” Id. (citation omitted). While a tortfeasor is now required to pay only a percentage of liability proportionate to the tortfeasor’s degree of fault, there remains a single injury to the person or property for which multiple tortfeasors may be held liable, according to their degrees of fault. Thus, there is “common liability.”
The dissent’s analysis of “common liability” would, in essence, wipe out the contribution statute by equating “common liability” with “joint and several liability.” *64 Post at 69-73. While there may be good policy reasons to reconsider how the contribution statute should operate in light of recent tort reform, these questions are properly resolved by the Legislature, which may repeal or amend the statute as it sees fit.
In the present case, it is alleged that there are multiple tortfeasors responsible for “a single injury” to Ricki Ash and James Nicastri. Thus, there is “common liability” under the statute, and plaintiff may proceed with its contribution action.[2] For these reasons, I concur in the result of the majority opinion.

 Ante at 51; post at 69.

 Note that just because plaintiff may proceed with a contribution action, this does not mean that plaintiff will prevail. Plaintiff must establish that defendants are at fault in the accident, the degree of defendants’ fault, and that it paid more than its pro rata share of the entire liability.